# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL S. GORBEY,** | |
| Petitioner, | |
| v. | Civil Action No. 13-2019 (JEB) |
| **UNITED STATES OF AMERICA,** *et al.*, | |
| Respondents. | |

## MEMORANDUM OPINION

On the afternoon of January 18, 2008, Michael Gorbey approached a woman near the U.S. Capitol and asked for directions to the Supreme Court. See Gorbey v. United States, 54 A.3d 668, 675 (D.C. 2012). He carried a shotgun in his hand, a sword on his back, a bulletproof vest across his chest, and several shotgun shells and hunting knives in his backpack. See id. Gorbey explained that he was on his way to a meeting with Chief Justice John Roberts. See id.

The woman reported Gorbey to the police, who arrested him. See id. They searched his truck, parked illegally nearby, where they found hundreds of rounds of ammunition, a rifle scope, and a homemade bomb. See id. at 676. Gorbey was subsequently charged and convicted on multiple weapons-related counts in D.C. Superior Court. See id. He is currently serving a twenty-year prison sentence.

Gorbey has since filed several appeals and numerous post-conviction motions challenging those proceedings. The filing that brings him to this Court is a *pro se* Petition for a Writ of Habeas Corpus, which alleges that his conviction and sentence were unlawful because he received ineffective legal representation on his appeal to the D.C. Court of Appeals and on remand therefrom. Gorbey lists a series of actions that, he says, his appointed lawyers failed to

1

take, rendering them constitutionally inadequate. Because Gorbey's lawyers did in fact take many of the actions he mentions in his Petition, and because their decisions not to take the others did not make them ineffective, the Court will deny his Petition.

## I. Background

On May 16, 2008, after a trial in District of Columbia Superior Court in which Gorbey acted as his own attorney, a jury convicted him of fourteen separate offenses in connection with the events described above: Unlawful possession of a firearm by a convicted felon; two counts of carrying a dangerous weapon outside the home or business; possession of an unregistered firearm; eight counts of unlawful possession of ammunition; manufacture, transfer, use, possession, or transportation of explosives for an unlawful purpose; and attempted manufacture or possession of a weapon of mass destruction. See Gorbey, 54 A.3d at 676. He was sentenced to 264 months in prison and five years of supervised release. See Resp., Exh. A (Sup. Ct. Docket) at 12-14.

Gorbey thereafter became quite an active litigant. In addition to several appeals, he has filed numerous post-conviction motions in Superior Court and in multiple federal district courts around the country, mostly in a *pro se* capacity. For purposes of this case, however, the Court will focus only on the procedural history that is relevant to the arguments at hand.

Shortly after he was sentenced, Gorbey filed a notice of direct appeal. See id. at 12. He also filed two *pro se* motions under D.C. Code § 23-110 seeking a new trial and the vacatur of his conviction and sentence, which his new attorney supplemented. See id. The trial court denied those motions, leading Gorbey to appeal that decision as well. See id. at 11. The D.C.C.A. subsequently consolidated Gorbey's direct appeal with the appeal from the denial of

2

his § 23-110 motions. See Gorbey, 54 A.3d at 677. Throughout the appeals process, Gorbey was represented by appointed counsel, Preston Burton. See Sup. Ct. Docket at 11.

In a lengthy and detailed opinion, the D.C.C.A. rejected Gorbey's challenges to his convictions, but found that the trial court had erred at sentencing by failing to inquire into his decision to waive an insanity defense under Frendak v. United States, 408 A.2d 364 (D.C. 1979). The Court remanded the matter for that inquiry and for resentencing based on the merger of certain convictions. See Gorbey, 54 A.3d at 697-98, 705. Gorbey then filed a motion to recall the D.C.C.A.'s mandate, arguing, *inter alia*, that Burton had provided ineffective representation by failing to raise certain issues on appeal. See Resp., Exh. D (Motion to Recall the Mandate) at 6-8. In a written order, the Court of Appeals denied that motion, explaining:

> Most of the issues appellant claims appellate counsel omitted are issues that were raised in appellant's direct and collateral appeals. This Division has already rejected the majority of those issues in its opinion and the full court has denied appellant's petition for rehearing en banc. The remainder of appellant's arguments are cursory claims that do not provide the court with any basis to find error.

Id., Exh. E (July 30, 2013, Order).

On remand, Attorney Jenifer Wicks was appointed to represent Gorbey, but she withdrew as his lawyer after just four months. See Sup. Ct. Docket at 8-9. For the remainder of the remand proceedings, Gorbey was represented by attorney Nathan Silver. See id. at 7. The trial court then conducted the required Frendak inquiry and found that Gorbey had validly waived the insanity defense. See id. It therefore resentenced him to 254 months in prison. See id. at 2-5.

Meanwhile, Gorbey filed several more *pro se* § 23-110 motions to vacate his convictions and sentence, arguing, *inter alia*, that Burton and Wicks had been constitutionally ineffective counsels on appeal and on remand. See id. at 6-7. The trial court denied those motions. See id.

3

at 6. Gorbey noted an appeal from that decision, see id., but it does not appear that the Court of Appeals has yet ruled on the challenge.

On December 19, 2013, Gorbey filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, in this Court. He challenges his conviction and sentence on two grounds: first, that his appellate counsel Burton rendered ineffective assistance on his direct appeal and on appeal of his denied § 23-110 motions, and second, that his remand counsel Wicks rendered ineffective assistance by failing to file a motion to recall the mandate. The Government has conceded that Gorbey's Petition satisfies the applicable statute of limitations and that, although it is not his first such filing, it does not violate the restrictions on successive petitions for habeas relief. See Response at 30 n.29 & 33-35. The Court may thus turn to the merits of the case.

## II. Analysis

### A. The Basics

Section 2254 gives the district courts jurisdiction to issue writs of habeas corpus on behalf of a person detained pursuant to a state-court judgment "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. D.C. local courts are treated as "state" courts for purposes of federal habeas-corpus jurisdiction. See Milhouse v. Levi, 548 F.2d 357, 360 n.6 (D.C. Cir. 1976).

For prisoners in the District of Columbia, however, habeas relief is especially hard to come by. Section 23-110 of the D.C. Code provides:

> An application for a writ of habeas corpus [o]n behalf of a prisoner . . . shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

4

D.C. Code § 23-110(g) (emphasis added). This provision "vest[s] the Superior Court with exclusive jurisdiction over most collateral challenges by prisoners sentenced in that Court." Williams v. Martinez, 586 F.3d 995, 1000 (D.C. Cir. 2009); see also Swain v. Pressley, 430 U.S. 372, 377-78 (1977) (finding parallel between changes introduced to federal habeas process by 28 U.S.C. § 2255 and new postconviction procedure envisaged by Congress when it implemented § 23-110). As a result, "the District Court lacks jurisdiction to entertain a habeas corpus petition attacking the constitutional validity of a Superior Court sentence even after the local remedy, if adequate and effective, has been pursued unsuccessfully." Garris v. Lindsay, 794 F.2d 722, 726 (D.C. Cir. 1986) (citing Swain, 430 U.S. at 377-78). "[A]lthough prisoners sentenced by state courts may resort to federal habeas corpus after exhaustion of their state remedies, a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" Id. (citing D.C. Code § 23-110(g)).

Assuming a D.C. prisoner clears this unique bar, the ordinary habeas standard applies: The petitioner must first either exhaust his state-court remedies or show that such remedies are unavailable or ineffective. See 28 U.S.C. § 2254(b)(1)(A) & (B). Collateral review of state proceedings, furthermore, "afford[s] considerable deference to state courts' legal and factual determinations." Palmer v. Hendricks, 592 F.3d 386, 391-92 (3d Cir. 2010). The Court, therefore, may grant Gorbey relief here only if the D.C. court's adjudication of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Schriro v. Landrigan, 550 U.S. 465, 473 (2007) (quoting 28 U.S.C. § 2254(d)(1) & (2)).

B. Effectiveness of Gorbey's Counsel on Appeal

Gorbey's first claim – that his appellate counsel Burton was ineffective – falls into a narrow exception to § 23-110(g)'s bar on habeas petitions. "[B]ecause the D.C. Court of Appeals prohibits prisoners from bringing challenges to the effectiveness of appellate counsel under section 23-110 – they may be raised only through a motion to recall the mandate – [the] remedy [for such claims] under section 23-110 is 'inadequate or ineffective.'" Williams, 586 F.3d at 998 (emphasis added). Section 23-110(g), in other words, does not bar habeas petitions brought in federal court based on claims of ineffective assistance of appellate counsel. See id. In addition, Gorbey previously raised this ineffective-assistance claim in his Motion to Recall the Mandate, see Motion to Recall the Mandate at 6-8, which the D.C.C.A. rejected, see July 30, 2013, Order, so he has exhausted his state remedies. The government, accordingly, concedes that this Court has jurisdiction to hear Gorbey's claim. See Response at 32.

As to the merits of Petitioner's argument, he alleges that Burton's performance was constitutionally deficient based on his failure to take eleven specific actions:

1. Have psychologist Dr. Arium Mack, whom Burton used as an expert witness, personally interview Gorbey regarding certain "real life events" – an alleged decade-long government conspiracy to harass and persecute him – which caused him "phobias" that prevented him from effectively representing himself at trial;

2. Argue the unconstitutionality – on grounds, it seems, of vagueness – of the weapon-of-mass-destruction charge, the carrying-a-dangerous-weapon charge, the possession-of-unregistered-ammunition charge, and the Molotov-cocktail charge;

3. Investigate and argue that Gorbey was denied a fair trial by an impartial jury;

4. Argue that the government failed to prove the first and third elements of constructive possession with respect to the explosives found in his truck;

5. Argue that he was denied his Sixth Amendment right to compulsory process for calling several material witnesses or that the prosecution violated Brady v. Maryland, 373 U.S. 83 (1963), by having a key witness favorable to his case recant;

6

6. Argue that his Presentence Report was "majorly wrong"; for example, it listed misdemeanors as felonies and included several charges that were not his;

7. Argue that the Superior Court erred by failing to impose concurrent sentences in accordance with D.C. Voluntary Sentencing Guideline § 6.2;

8. Argue that the police were derelict in their duties by failing to conduct an inventory search of his truck immediately upon impounding the vehicle, resulting in prejudice to his case;

9. Argue that his prosecution violated the District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub. L. No. 91-358, 84 Stat. 579, since "the Superior Court has no jurisdiction over D.C. parks, park police, U.S. Capitol Police, or the U.S. Capitol Service Area";

10. Argue that the "D.C. Reit Act of 1997," which "allow[s] D.C. Code offenders to be sent to federal prison," violates the Constitution's Commerce Clause and Interstate Extradition Clause;

11. Argue that his sentencing counsel, Donald Dworsky, was constitutionally ineffective in failing to address the faulty Presentence Report or the Superior Court's denial of concurrent sentences.

Petition at 5-36.

Even without the highly deferential standard applied on federal habeas review, the Court would have no trouble upholding the D.C.C.A.'s rejection of Gorbey's ineffectiveness claim. To prevail, Gorbey had to show, first, "that his counsel was objectively unreasonable . . . that is, that counsel unreasonably failed to discover non[-]frivolous issues and to file a merits brief raising them," and second, that he suffered prejudice as a result, "[t]hat is, . . . a reasonable probability that, but for his counsel's unreasonable failure . . . he would have prevailed on his appeal." Smith v. Robbins, 528 U.S. 259, 285 (2000). In its Order, the Court of Appeals noted that most of the arguments Gorbey faulted his attorney for ignoring had in fact been made in his consolidated direct and collateral appeals, and that they had not been deemed viable. See July 30, 2013, Order. Indeed, a review of the D.C.C.A.'s earlier Opinion rejecting Gorbey's appeal

7

shows that it specifically addressed and rejected at least eight of the eleven arguments Gorbey claims Burton should have pursued. See Gorbey, 54 A.3d at 700 (number 4); id. at 703 (number 3); id. at 706 (numbers 9, 5, and 10); id. at 707 (numbers 6, 7, and 8). To the extent Gorbey bases his ineffective-assistance claim on Burton's failure to make these arguments, then, he fails the first part of the inquiry. To the extent that Gorbey argues that Burton was ineffective for failing to take certain actions in relation to his prior § 23-110 motions – for example, arguing on appeal that his sentencing counsel was inadequate – such claims are expressly barred by § 2254, which does not permit habeas relief for ineffective counsel during collateral post-conviction proceedings. See 28 U.S.C. § 2254(i); see also Martinez v. Ryan, 132 S. Ct. 1309, 1320 (2012); Graham v. Bledsoe, 841 F. Supp. 2d 134, 137 (D.D.C. 2012).

As for the remainder of the actions Gorbey wishes his appellate counsel had taken, Burton was not ineffective for declining to do so. For good reason, the Constitution does not require appellate counsel to pursue every possible non-frivolous argument. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes, 463 U.S. 745, 751-52 (1983). The Supreme Court has therefore held "that appellate counsel who files a merits brief need not (and should not) raise every non[-]frivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Smith v. Robbins, 528 U.S. 259, 288 (2000). Or, as Frederick the Great put it, a bit more succinctly, "He who defends everything defends nothing." Clearly, Burton advanced several compelling arguments on Gorbey's behalf – as mentioned earlier, the D.C. Court of Appeals issued an in-depth opinion considering, and even accepting, a few of them – and Gorbey has not shown that Burton missed any remotely promising points. The D.C. Court

of Appeals, in sum, did not err by rejecting Gorbey's ineffective-assistance-of-appellate-counsel claim.

C. Effectiveness of Gorbey's Counsel on Remand

Gorbey's second claim – that his remand counsel Wicks was also ineffective – is a bit more complicated procedurally, though not substantively. According to Gorbey, Wicks's representation was constitutionally deficient because she refused to file a motion to recall the mandate, leaving Gorbey to file a *pro se* pleading on his own, which was denied. If he had had Wicks's help drafting the document, Petitioner suggests, he might have prevailed on that motion.

As an initial matter, while § 23-110(g) does not bar federal habeas petitions for ineffective assistance of counsel on appeal, it is not clear whether the same exception would apply to claims of ineffective assistance of counsel on remand. The answer turns on whether a defendant in D.C. court would seek relief for such a claim via a § 23-110 motion or, instead, through some other procedural vehicle. Cf. Williams, 586 F.3d at 998. The issue is complicated even further in this case, where Gorbey's claim relates to action that his remand counsel supposedly failed to take in the Court of Appeals. This Court is not aware of any D.C. or federal precedent on the matter, although the Government suggests that Gorbey should have raised this claim in his amended Motion to Recall the Mandate – as opposed to in a § 23-110 motion – which would mean that this Court does have jurisdiction to adjudicate the issue. See Response at 43 n.36.

In any event, even if Gorbey's claim regarding his remand counsel does qualify for federal habeas relief, it has not been exhausted. As mentioned earlier, in order to file a habeas petition in federal court, the petitioner must first either exhaust his state-court remedies or show that such remedies are unavailable or ineffective. See 28 U.S.C. § 2254(b)(1)(A) & (B). "In

9

other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Here, Gorbey did not include a claim for ineffective assistance of remand counsel in his Motion to Recall the Mandate, and though he subsequently made such a claim via a § 23-110 motion, the D.C. Court of Appeals has not yet ruled on the matter. Gorbey's claim of ineffective assistance of remand counsel is therefore not exhausted and not eligible for habeas review.

Even if the claim were exhausted, moreover, it would very likely fail. As this Court has already explained, the D.C. Court of Appeals was correct to reject Gorbey's claim for ineffective assistance of appellate counsel, contained in his Motion to Recall the Mandate, on the merits of his position. On that point, then, Wicks's assistance in drafting the pleading could not have saved it, and Gorbey was therefore not prejudiced by her refusal to do so. To the extent that Gorbey's Motion to Recall the Mandate advanced additional, unrelated arguments, they seem more appropriately brought via a motion for reconsideration or for rehearing en banc, or, alternatively, a § 23-110 collateral attack on his conviction and sentence. Wicks would therefore not have been ineffective for failing to draft a Motion containing those points.

## III. Conclusion

For the reasons articulated herein, the Court will issue a contemporaneous Order dismissing this case.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: July 17, 2014